**No. 56979.**—Norman G. Jensen, Inc. *v.* United States, petition 6849–R (Pembina).

Ford, Judge:   This petition, filed under the provisions of section 489 of the Tariff Act of 1930, seeks the remission of additional duties incurred by reason of undervaluation of certain merchandise on entry.

The merchandise involved consists of 1,500 bushels of wheat which was exported from Canada and entered at the port of Neche, N. Dak.   This wheat was entered at a value of $1.73 per bushel, which should have been in Canadian funds, but the party making the entry treated it as United States funds and, therefore, entered at a total value of $2,595.   The appraiser found a value for the wheat of $1.77¼ per bushel, Canadian funds, or a value of $1.68¼ per bushel, American funds, or a total value of $2,524, so that actually the Government received more revenue on this entry than it was entitled to receive, and yet, because of the fact that technically the appraised unit value is in excess of the entered value, there was an undervaluation.

When this case was called for hearing, Mr. Oscar J. Linde, attorney-in-fact for the petitioner herein and also manager for the customhouse broker who prepared this entry, testified that he had been connected with the firm for a period of 12 years and that he prepared and filed the entry covering this wheat; that in making the entry, he overlooked the fact that the invoice stated "Canadian funds"; that the wheat was appraised at a value of $1.77¼ per bushel, Canadian funds, which was equivalent to $1.68¼ per bushel, United States funds; and that the undervaluation was the result of an error in the conversion of the currency.

The witness also testified that in entering this wheat at $1.73 per bushel he did not intend to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the correct value of the merchandise.

Counsel for respondent stated at the trial, and we think very properly so, that the report of the investigation which the Government had caused to be made in this case was in substantial agreement with the testimony of the witness heretofore set out.

This record, in our opinion, establishes that the additional duties here involved were the result of an honest mistake on the part of the importer in making entry of its merchandise, and that in entering the merchandise at a value less than that found upon final appraisement, the importer had no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the correct value of the wheat.   The petition is therefore granted.   Judgment will be rendered accordingly.